UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| KENNETH D. BAKER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | No. 3:16-cv-1445 |
| v. | ) | Judge Sharp |
| | ) | |
| BRIANNE M. BAKER, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM

Pending before the Court is Petitioner's *Motion to Alter or Amend* (Docket Entry No. 54). For the reasons set forth below, the Petitioner's motion will be granted in part and denied in part.

# BACKGROUND

Petitioner brought this claim pursuant to the Hague Convention on the Civil Aspect of International Child Abduction and the implementing legislation in the United States, the International Child Abduction Remedies Act, set forth in 42 U.S.C. § 11601, *et seq.*, requesting the Court enter an Order directing that the parties' minor children be returned to Germany. Petitioner alleged that Respondent unlawfully removed the children has wrongfully retained them in the United States.

The Court held a bench trial in this matter on September 14-15, 2016 and October 13, 2016, after which the parties were instructed to file post-trial briefs. Those briefs were filed on November 21, 2016. The Court found that Respondent had established by a preponderance of the evidence that Petitioner gave his consent for Respondent to return to the United States with the minor child. The Court denied the Verified Petition, and the children were not ordered to be returned to Germany. *See* (Docket Entry Nos. 51 and 52).

1

## ANALYSIS

"A motion to alter or amend judgment under Rule 59(e) may be granted if there is '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005) (*quoting GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999)). "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard v. United States,* 533 F.3d 472, 475 (6th Cir. 2008) (quoting *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)). "[T]he purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States,* 533 F.3d 472, 475 (6th Cir. 2008).

Petitioner purports that there are inconsistencies between the proof in the record and the Court's finding "that Respondent met her burden of proof in regard to the consent defense, which ultimately served to defeat Mr. Baker's Petition for return of the children." (Docket Entry No. 54 at 1). The Court has thoroughly reviewed the Petitioner's motion, and Petitioner makes absolutely no mention of an intervening change in law or the availability of new evidence, leading the Court to conclude that Petitioner seeks amendment or alteration to remedy a perceived error of law. The Court has already exhaustively considered and rejected Petitioner's contention regarding Respondent's consent defense, and Petitioner has presented no persuasive authority that would lead the Court to alter its decision. The Sixth Circuit has repeatedly held that a Rule 59(e) motion "may not be used to re-litigate issues previously considered" and rejected by the Court. *Am. Marietta Corp. v. Essroc Cement Corp.*, 59 Fed. App'x 668, 671 (6th Cir. 2003). Petitioner fails to satisfy the Rule 59(e) standard and thus has given the Court no reason to alter or amend the judgment.

Petitioner also notes that on page 7 of the Court's Opinion, the Petitioner and Respondent references are incorrect – "For example, the Court's decision states that the 'Petitioner removed the children' from Germany and also that the 'Petitioner flew with the children to the U.S.[,]' when in fact the Respondent, Ms. Baker, did those things." The proper channel for seeking relief for a clerical error should be done through Rule 60 of the Federal Rules of Civil Procedure,[1] not Rule 59(e). Nevertheless, the Court will grant the request and issue an Amended Findings of Fact and Conclusions of Law to correct this clerical error.

## **CONCLUSION**

For all of the reasons stated, the Court will grant in part and deny in part Petitioner's *Motion to Alter or Amend* (Docket Entry No. 54). The motion will be granted with respect to the clerical error and denied as to the remaining relief sought.

An appropriate Order shall be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

---

[1] The Sixth Circuit has held that the purpose of a Rule 60(a) motion is to correct errors of a clerical nature, not of a substantive one. "The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission." *In re Walter,* 282 F.3d 434, 440 (6th Cir. 2002) quoting 11 C. *Wright & A. Miller, Federal Practice and Procedure* § 2854, at 240 (2d ed. 1995). "The rule does not, however, authorize the court to revisit its legal analysis or otherwise correct an 'error [ ] of substantive judgment.'" *Id.* "In that regard, when a court has undertaken to 'make the judgment or record speak the truth' rather than 'something other than what was originally pronounced the court has not abused its discretion in granting relief under Rule 60(a)." *Id,* at 441. (Citations omitted).